IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| David R. Daya, | ) | |
|     Plaintiff | ) | Civil Action |
| | ) | File No. 4:20-cv- |
| v. | ) | |
| | ) | |
| Sky MRI & Diagnostics, LLC, | ) | Jury Demanded |
| Badshah Management, LLC, and | ) | |
| Akbar Ali, | ) | |
|     Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, David R. Daya ("Mr. Daya" or "Plaintiff"), and complains of Sky MRI & Diagnostics, LLC, Badshah Management, LLC, and Akbar Ali (collectively, the "Defendants"), and for cause of action would respectfully show the Court as follows:

## I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Mr. David R. Daya brings this civil action pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and state substantive law, seeking unpaid overtime wages, regular wages, commissions, liquidated damages, contractual damages, the reasonable value of services (*quantum meruit*), attorney's fees, costs of the action, and pre- and post-judgment interest.

2. Defendants own, operate and control a medical diagnostic imaging center in Pearland, Texas, doing business as "Sky MRI & Diagnostics".

3. Mr. Daya worked as an account and business development representative for the Defendants at Sky MRI & Diagnostics.

4. Mr. Daya routinely worked in excess of 40 hours a week, yet he did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a). Further, during the last two months of his employment, Mr. Daya received no pay or commissions that were due to him.

1

5.      Defendants' willful failure to pay Mr. Daya's wages requires this litigation.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6.      Mr. Daya, in part, brings before this Honorable Court claims pursuant to the FLSA. The Court thus has federal question jurisdiction pursuant to 28 U.S.C. §1331.

7.      Mr. Daya also brings related state substantive law claims that fall under this Court's jurisdiction pursuant to 28 U.S.C. §1367.

8.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

9.      Plaintiff, **David R. Daya**, is a resident of Fort Bend County, Texas. Plaintiff was an employee engaged in commerce while he worked for the Defendants.

10.     Defendant, **Sky MRI & Diagnostics, LLC**, is a Texas limited liability company to be served with summons and complaint by serving its manager, Mr. Akbar Ali, at his place of business at 11711 Shadow Creek Parkway, Suite 147, Pearland, Texas 77584.  This Defendant is engaged in business in the State of Texas through its ownership and operation of a medical diagnostic imaging center.  The Court thus has personal jurisdiction over this Defendant.

11.     Defendant, **Badshah Management, LLC**, is a Texas limited liability company to be served with summons and complaint by serving its registered agent, Mr. Akbar Ali, at his place of business at 11711 Shadow Creek Parkway, Suite 147, Pearland, Texas 77584.  This Defendant is engaged in business in the State of Texas by its ownership and operation of a medical diagnostic imaging center.  The Court thus has personal jurisdiction over this Defendant.

12.     Defendant, **Akbar Ali,** may be served with summons and complaint at his place of business at 11711 Shadow Creek Parkway, Suite 147, Pearland, Texas 77584. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely,

Mr. Daya.  Further, this Defendant resides, and is engaged in business, in the State of Texas. The Court thus has personal jurisdiction over this Defendant.

13. Whenever this complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by those Defendants, but also by the Defendants' officers, directors, vice-principals, agents, servants, or employees.  Further, the act or omission occurred with full authorization, ratification or approval of the Defendants, and/or occurred in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

14. Plaintiff alleges a willful violation of the FLSA, and for purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

15. During the relevant period, each Defendant was an "employer". 29 U.S.C. § 203(d).

16. During the relevant period, Mr. Daya was an "employee". 29 U.S.C. § 203(e).

17. During the relevant period, the Defendants collectively constituted an "enterprise". 29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A).

18. During the relevant period, the Defendants together were an integrated enterprise. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

19. During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

20. Defendants had annual gross business volume in excess of the statutory standard.

21. During the relevant period, Mr. Daya was an individual employee engaged in commerce. 29 U.S.C. § 207.

## V.
### FACTS

22. The Defendants employed Mr. Daya from August 7, 2017, until November 15, 2018, as an account and business development representative at a medical diagnostic imaging center doing business as "Sky MRI & Diagnostics", located at 11711 Shadow Creek Parkway, Suite 147, Pearland, Texas 77584.

23. During his employment, Mr. Daya worked overtime hours on a weekly basis.

24. Typically, Mr. Daya worked from 9:00 a.m. to 8:00 p.m., Monday through Saturday.

25. Mr. Daya received a wage of $1,750.00 every two weeks, plus $25.00 in commissions for each magnetic resonance imaging ("MRI") scan he secured for the Defendants.

26. Although Mr. Daya was a non-exempt employee, he received no overtime pay despite working in excess of 40 hours a week during each workweek of his employment.

27. Not only did the Defendants fail to fulfill their statutory obligation to pay overtime wages, they also failed to maintain complete, contemporaneous, and accurate records pertaining to Mr. Daya's weekly hours worked.

28. During the relevant period, the Defendants owned, controlled and operated the medical diagnostic imaging center doing business as Sky MRI & Diagnostics. Defendants possessed the authority to make all decisions pertaining to operation of Sky MRI & Diagnostics.

29. Furthermore, the Defendants possessed authority to determine Mr. Daya's terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., the non-payment of overtime wages and non-payment of last two months' wages and commissions); Mr. Daya's rate of pay; the number of hours Mr. Daya worked during each workweek; and Mr. Daya's work duties.

30. Defendants willfully and purposefully failed to pay the overtime wages Mr. Daya earned and was owed under the FLSA.

31. To the maximum extent of the law, Mr. Daya now seeks to recover from the Defendants all overtime wages due. Mr. Daya also seeks the wages and commissions he earned during the last two months of his employment, which remain unpaid.

## VI.
### CAUSES OF ACTION AND DAMAGES SOUGHT

### COUNT – 1
### Violation of the FLSA – Failure to pay overtime wages

32. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

33. Defendants violated 29 U.S.C. § 207.

34. Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA and related federal regulations. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516; 29 C.F.R. §516.27.

35. Mr. Daya was a non-exempt employee – that is, he was entitled to receive overtime pay for all hours he worked in excess of 40 during each seven-day workweek.

36. During his employment with the Defendants, Mr. Daya worked overtime hours on a weekly basis at the request of his employer.

37. Despite Defendants' awareness of the overtime pay requirements the FLSA imposed upon them, Defendants informed Mr. Daya that he would not receive the overtime wage premium for hours he worked in excess of 40 on a weekly basis.

38. Mr. Daya in fact received no overtime wage premium for the overtime hours he worked each week during the relevant period.

39.     Defendants' knowing, repeated and consistent failure to pay Mr. Daya's overtime wages on a weekly basis amounts to a clear and willful pattern and practice of illegal conduct the FLSA prohibits.

40.     Mr. Daya thus sues for all unpaid overtime wages and liquidated damages.

## COUNT – 2
### Breach of Contract – Failure to pay wages and commissions

41.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

42.     The parties' employment relationship created an enforceable obligation upon the Defendants for the payment of wages, commissions, and other employment benefits that are now, in part, unpaid and owed to Mr. Daya.

43.     Defendants had a contractual duty to timely compensate Mr. Daya at the agreed upon salary and commission amounts in exchange for the services he rendered for Defendants' benefit.

44.     The Defendants breached the parties' agreement by failing to pay the wages and commissions Mr. Daya earned during the last two months of his employment.

45.     As a result of Defendants' breach, Mr. Daya suffered damages and is entitled to recover all such damages to the maximum extent allowed under the law.

## COUNT – 3
### *Quantum Meruit*

46.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

47.     By failing to pay Mr. Daya's wages and commissions, Defendants have denied him the reasonable value of his services rendered.  As a result, Mr. Daya suffered monetary damages in an amount to be determined by the jury at trial.

48. Mr. Daya now sues for the reasonable value of services he performed for the Defendants for which he remains unpaid.

### Plaintiff's Damages

49. In addition to the unpaid overtime wages, Mr. Daya seeks liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50. Plaintiff seeks all damages resulting from Defendants' breach of contract.

51. Plaintiff seeks, under *quantum meruit,* the reasonable value of services that he performed for the Defendants.

52. Plaintiff seeks pre- and post-judgment interest at the highest prevailing legal rate.

## VII.
## JURY DEMAND

53. Mr. Daya demands a jury trial.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Daya respectfully requests that upon final hearing, the Honorable Court grant relief by entering a Final Judgment, jointly and severally, against Defendants Sky MRI & Diagnostics, LLC, Badshah Management, LLC, and Akbar Ali, as follows:

   a. Declare the Defendants willfully violated 29 U.S.C. § 207 because they repeatedly and consistently failed to pay Mr. Daya's overtime wages;

   b. Order Defendants to pay Mr. Daya's overtime wages and liquidated damages;

   c. Declare the Defendants breached the parties' employment agreement, and Order Defendants to pay all damages resulting from said breach, including the wages and commissions Mr. Daya earned during the last two months of his employment;

   d. Order Defendants to pay under *quantum meruit* the reasonable value of services Plaintiff performed for the Defendants;

   e. Order Defendants to pay Mr. Daya's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Tex. Civ. Prac. & Rem. Code § 38.001;

f. Order Defendants to pay pre-judgment interest at the highest lawful rate for all assessed amounts other than overtime wages and liquidated damages; and,

g. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts assessed as overtime wages, liquidated damages and attorney's fees and costs under 29 U.S.C. § 216(b).

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff
David Daya**