United States District Court
Southern District of Texas
**ENTERED**
August 02, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID R. DAYA, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:20-cv-02965 |
| § | |
| SKY MRI & DIAGNOSTICS, LLC, § | |
| BADSHAH MANAGEMENT, LLC, § | |
| and AKBAR ALI, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Defendants Sky MRI & Diagnostic, LLC, Badshah Management, LLC and Akbar Ali's Motion to Dismiss, or in the Alternative, to Compel Individual Arbitration (Document No. 12). In that Motion, Defendants, relying on the terms of an employment agreement as well as an arbitration agreement in such agreement, seek to compel Plaintiff David R. Daya to arbitrate his individual claims at issue in this Fair Labor Standards Act ("FLSA") case. Having considered the motion, Plaintiff's response in opposition (Document No. 14), Defendants' additional briefing (Document No. 15), the document containing the arbitration provision (Document No. 12-1), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss, or in the Alternative, to Compel Individual Arbitration (Document No. 12) be DENIED.

Defendants employed Plaintiff as an accountant and business development representative at Defendants' mental health care, car wash, and imaging/MRI centers in Houston, Texas. Plaintiff was employed from August 7, 2017 to November 15, 2018. Plaintiff alleges in this Fair Labor

1

Standards Act (FLSA) case that Defendants violated the FLSA and failed to pay him overtime wages for hours he worked in excess of 40 per week. Plaintiff seeks to recover all overtime wages due, as well as wages and commissions he earned during the last two months of his employment. Defendants, in their Motion to Dismiss, or in the alternative, to Compel Arbitration, rely on an "Employment Agreement" signed by Plaintiff that contains an arbitration provision. Defendants maintains that Plaintiff's FLSA and other claims require arbitration because Plaintiff signed an arbitration agreement, but the Defendants signatures are missing from the agreement. The agreement included separate signature lines for (a) Badshah Management LLC, (b) XL MRI LLC, (c) DMA LLC, (d) Harmony Group LLC, (e) Badshah LLC and (f) XL Bubbles LLC. Each of the six "Employers" of Mr. Daya required Defendant Akbar Ali to sign the agreement on their behalf as their "Manager." No signatures from the employer were provided on the agreement.

Enforcement of an arbitration agreement involves two analytical steps: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of that agreement. *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). The first step is at issue in this case. Determining whether there is a valid arbitration agreement is a question of state contract law and is for the court. *Trujillo v. Volt Mgmt. Corp.*, 846 Fed.Appx. 233, 236 (5th Cir. 2021) (citing *Huckaba*, 892 F.3d at 688). Texas has no presumption in favor of arbitration when determining whether a valid arbitration agreement exists. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Instead, the party moving to compel arbitration must show that the agreement meets all of the requisite contract elements. *Id.* at 228. In addition, because the validity of the agreement is a matter of contract, at this stage, the strong federal policy favoring arbitration does not apply. *Klein,* 710 F.3d at 236." *Huckaba,* 892 F.3d at 688-689.

Under Texas law, a binding contract requires: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." *Huckaba*, 892 F.3d at 689. An employer moving to compel arbitration bears the burden of showing that the proffered agreement is valid. *Trujillo*, 846 Fed.Appx. at 236 (citing *J.M. Davidson, Inc.*,128 S.W.3d at 228). As to the last element, whether a signature is required to bind the parties is a question of the parties' intent. *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 454 (5th Cir. 2013). In determining the parties' intent, the Court "must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Huckaba*, 892 F.3d at 689.

In *Huckaba,* a signature was required for there to be an intent to be bound. The arbitration agreement in *Huckaba*, contained: "(1) a statement that "[b]y signing this agreement the parties are giving up any right the man gave to sue each other," (2) a clause prohibiting modifications unless they are "in writing and signed by all parties," and (3) a signature block for the employer." *Id.* The court concluded that the express language in the arbitration agreement in *Huckaba* indicated an "intent for the parties to be bound to the arbitration agreement by signing." *Id.*

Here, the proposed arbitration agreement is contained in the Employment Agreement that Plaintiff signed. The Agreement provides:

    a. Any dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by arbitration in Houston, Texas, in accordance with the rule of the American Arbitration Association then in effect.

    b. In consideration of the mutual promises and covenants contained in this agreement…

    c. Employee also will not be reimbursed for any expenses,…, per mutual agreement between the parties.

    d.  …regardless of whether termination is initiated by Employer or Employee,…

    e.  This Agreement shall terminate...upon..[t]he mutual agreement of the parties

    f.  Consequently, the parties hereby agree…

    g.  Neither party shall have the right to assign any rights or obligations under this Agreement without prior written approval of the other party.

    h.  This Agreement shall be binding upon, and shall inure to the benefit of, the parties and their respective successors, assigns, executors, administrators, and personal representatives.

    i.  …obligations of both parties sunder this Agreement shall continue in full force and effect…

    j.  If either party to this Agreement breaches any of the terms hereof, that party shall pay to the non-defaulting party all of the non-defaulting party's costs and expenses, including attorney's fees incurred by that party in enforcing the terms of this Agreement.

    k.  No alteration of or modification to any of the provisions of this Agreement shall be valid unless made in writing and signed by both parties.

    l.  The agreement ends with the Employee and Employers' signature blocks, preceded by the following: "IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above provided." (Document 12-1).

The parties in this case demonstrated intent to be bound by the arbitration agreement only after both parties had signed the Employment Agreement. The Agreement contains six separate signature lines for each of the six employers, all of which were left blank. Texas courts have held that a signature block by itself is insufficient to establish the parties' intent to require signatures. See, e.g., *Tricon Energy,* 718 F.3d at 455; *Firstlight Fed. Credit Union v Loya,* 478 S.W.3d 157, 168 (Tex. App.—El Paso 2015, no pet.). But in this case, as in *Huckaba,* there is more than a blank signature block that speaks to the parties' intent. Defendants' "Employment Agreement" also contains language that the parties cannot alter or modify the agreement unless it is done in writing and is signed by both parties. The language of the modification provision also suggests that

signatures from all parties were required for the Agreement and the arbitration provision contained therein to be valid. In a Texas appellate case, the Court relied on a blank signature block intended for the employer and a similar modification provision and concluded that the trial court did not abuse its discretion in denying the employer's motion to compel arbitration. *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 211-12 (Tex. App.—El Paso 2004, no pet.).

The Plaintiff cited another Texas appellate case, in which the court relied on references to mutual obligations and benefits in an agreement and held that the parties were to indicate their mutual assent by signing. *Hi Tech Luxury Imps., LLC v. Morgan*, No. 03-19-00021-CV, 2019 Tex. App. LEXIS 3429, at *4-5 (Tex. App.—Austin Apr. 30, 2019). The employment agreement in *Hi Tech Luxury Imps* also contained several references to mutual agreement and obligations:

   a. "mutual benefits" that arbitration can provide to "both the Company and [Morgan]," and the agreement requires that "[Morgan] and the Company both agree'' that any disputes 'between [Morgan] and the Company" shall be submitted to arbitration.

   b. "both the Company and [Morgan] agree that any arbitration proceeding must move forward under the Federal Arbitration Act"

   c. "this is the entire agreement between the company and the employee"

   d. "I UNDERSTAND BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND THE COMPANY GIVE UP OUR RIGHTS TO TRIAL BY JURY." *Hi Tech Luxury Imps, LLC*, 2019 Tex. APP. LEXIS 3429 at *4-5.

Although Defendants argue that *Hi Tech Luxury Imps* is distinguishable, they do not provide a reason why it is, except for a general statement that the employment agreement in that case evidenced an intent for signatures and the Agreement in this case does not. In addition, a review of the language in the *Hi Tech Luxury Imps* employment agreement and the employment agreement in this case reveals similarities. Like in *Hi Tech Luxury Imps,* the employment agreement here references "the mutual agreement between parties." Likewise, there are mutual

5

Case 4:20-cv-02965 Document 18 Filed on 08/02/21 in TXSD Page 6 of 7

benefits and mutual promises in both cases. Significantly, Section 22 of the Employment Agreement requires both the employee (Mr. Daya) and employers to give up their right to a jury trial. As the court rules in *Hi Tech Luxury Imps,* "[t]his language indicates that, by agreeing to arbitrate, *both* parties would be giving up their rights to a jury trial, which suggests that the signatures of both parties would be required for the agreement to be enforceable." *Hi Tech Luxury Imps,* 2019 Tex. APP. LEXIS 3429 at *4-5. Therefore, just like in *Hi Tech Luxury Imps,* the language of the employment agreement here demonstrates the parties' intent that a signature was required for each party to be bound to the terms of the contract, including the arbitration provision. Because Defendants did not sign the employment agreement, the arbitration agreement cannot be considered valid or binding on the parties.

      Defendants argue that, by signing an arbitration agreement that expressly incorporates the rules of the American Arbitration Association, Plaintiff agreed to arbitrate arbitrability, including questions regarding validity of the arbitration agreement. However, the Fifth Circuit has clarified that the validity of the arbitration agreement is a question for state contract law. *Trujillo*, 846 Fed. Appx. at 236. Further, an arbitrator may decide arbitrability only when the parties clearly and unmistakably agree to this in their agreement. *See Douglas v. Regions Bank,* 757 F.3d 460, 462 (5th Cir. 2014). Here, Defendants and Plaintiff did not clearly and unmistakably agree to arbitrate the arbitrability of the proffered arbitration agreement because there was no signature from the employer. The language of the employment agreement demonstrates the parties' intent that a signature was required for each party to be bound to the terms of the contract, including the arbitration provision. Thus, the validity of the arbitration agreement is squarely a state contract law question.

6

Based on the foregoing and the conclusion that there is no binding agreement to arbitrate between Plaintiff Daya and Defendants Sky MRI & Diagnostic, LLC, Badshah Management, LLC and Akbar Ali, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss, or in the Alternative, to Compel Individual Arbitration (Document No. 12) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), to the recommendation made herein relative to Defendant's Motion to Dismiss. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this __2nd__ day of August 2021.

Frances H. Stacy
United States Magistrate Judge